UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MIGUELINA ALVAREZ and
CARMEN CASTILLO,

        Plaintiffs,

v.                                                                              Docket No: 16cv423

BUREAU OF ALCOHOL,
TOBACCO, FIREARMS &
EXPLOSIVES, THE UNITED
STATES OF AMERICA,
ANGELA V. MULLINS, JOHN DOE
1-5, MARY DOE 1-5, and/or
DOE CORPORATION 1-5,

        Defendants.

---

## COMPLAINT AND JURY DEMAND

The Plaintiffs, Miguelina Alvarez ("Alvarez") and Carmen Castillo ("Castillo")("the Plaintiffs"), complaining of the Defendants, Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), the United States of America ("United States"), Angela V. Mullins ("Mullins"), and John Doe 1-5, Mary Doe 1-5, and Doe Corporation 1-5 ("the Doe Defendants")(collectively, "the Defendants"), allege:

## NATURE OF THE CASE

1. This is a civil action for personal injuries and damage to property suffered by the Plaintiffs against the Defendants arising out of a motor vehicle accident on May 16, 2014 in Brooklyn, New York, between an ATF vehicle operated by Mullins and a motor vehicle

1

operated by Alvarez and occupied by Castillo. The Defendants' negligence was the cause of the Plaintiffs' injuries.

## VENUE AND JURISDICTION

2. This Court has original jurisdiction over this action under 28 U.S.C. §1346(b), where the United States is a Defendant.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(e) in that the Plaintiffs reside in the above judicial district and the acts and/or omissions complained of occurred in said district.

4. A Notice of Tort Claim was timely presented to ATF, following which, on or about July 30, 2015, it denied the Plaintiffs' claim and authorized that this matter proceed to Court.

5. The amount in controversy exceeds $150,000 in that the Plaintiffs' injuries and property damage exceeds that amount.

## PARTIES

6. Alvarez is an individual citizen of New York, and the mother of Castillo.

7. Castillo is an individual citizen of New York, and the daughter of Alvarez.

8. ATF is a federal governmental agency.

9. The United States operates ATF.

10. Mullins was, at all relevant times, upon information and belief, an employee of ATF.

11. The Doe Defendants are individuals or entities, the names of which are presently unknown to the Plaintiffs, responsible for all or part of the acts and omissions alleged herein.

## FACTS

12. On or about May 16, 2014, at approximately 9 a.m. Mullins was operating a motor vehicle owned by ATF.

13. At all relevant times, upon information and belief, Mullins was operating the motor vehicle with the permission, and direction of ATF, in the course and scope of her employment therewith.

14. On or about that date, Alvarez was operating her motor vehicle, bearing New York license plate number BR688R, lawfully on 6 Avenue and 21st Street, Brooklyn, New York.

15. On or about that date, Castillo was a passenger in the Alvarez vehicle.

16. On or about that date, Mullins negligently operated the motor vehicle bearing New Jersey license plate number YNY61A, on 6 Avenue and 21st Street, Brooklyn, New York, so as to cause it to collide with the Alvarez vehicle.

17. As a result of the collision, the Alvarez vehicle was totaled and the Plaintiffs were caused to sustain serious personal injuries.

18. The above occurrence and results thereof were in no way due to any negligence on the part of the Plaintiffs contributing thereto, but were caused by the negligence of the Defendants in the ownership, operation, management, maintenance and control of their motor vehicle, in operating same without due regard to the rights and safety of the Plaintiffs; in

operating her said motor vehicle in a manner which unreasonably endangered the Plaintiffs; in failing to properly steer, guide, manage, and control the said vehicle; in operating same at a rate of speed greater than was reasonable and proper at the time and place of the occurrence; in failing to properly steer, guide, manage and control said vehicle; in operating same at a rate of speed greater than was reasonable and proper at the time and place of the occurrence; in failing to apply the brakes or slow down or stop in such a manner as would have prevented the occurrence; in failing to have made adequate and timely observation of and response to conditions; in failing to observe signs and signals prevailing at the time and place of occurrence; in failing to keep a proper lookout when controlling her motor vehicle; in failing to properly maintain her said vehicle according to law; in failing to give adequate and timely signal, notice or warning; in operating said motor vehicle in a reckless manner; in operating her vehicle in violation of the traffic rules, regulations, statutes, and ordinances in such cases made and provided; in negligently hiring the defendant Angela Mullins, in negligently entrusting the aforementioned vehicle to Angela Mullins; and in being otherwise careless, reckless and negligent in the ownership, maintenance, operation and control of her said motor vehicle.

19.   That as a result of the foregoing the said plaintiffs sustained serious injuries defined by Section 5102(d) of the Insurance Law of the State of New York.

20.   That by reason thereof, the plaintiffs are entitled to recover for non-economic loss and for such economic losses as are not included within the definition of basic economic loss , as set forth in Section 5102(a) of the Insurance Law of the State of New York.

21.   That the plaintiff is a covered persons within the definition of Section 5201(j) of the Insurance Law of the State of New York.

22.   The foregoing action comes within one or more of the exceptions set forth in CPLR Section 1602.

23.   That because of the above-mentioned occurrence, plaintiffs were caused to sustain serious personal injuries and to have suffered shock, pain and mental anguish and, upon information and belief, all of plaintiffs' injuries and their effects will be permanent; and that as a result of said injuries plaintiffs have been and will continue to be obliged to incur expenses for medical care and attention; and plaintiffs have been and will continue to be rendered unable to perform plaintiffs' normal activities and has sustained a resultant loss therefrom and his injuries are permanent, protracted and disabling all to their damage in an amount exceeding $3,000,000.00

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, for damages, costs, and attorney's fees.

Dated: New York, New York
       January 26, 2016

Ralph DeSimone (RD-5634)
DESIMONE & ASSOCIATES, LLC.
Attorneys for Plaintiffs
One World Trade Center, Suite 8500
New York, New York 10007
(212) 220-6555